UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,

     Petitioner,

v.                                   Case No. 3:20cv5101-LC-HTC

MARK S. INCH,[1]

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Luther Arthur Horn, III, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in case number 2012-CF-372 in the First Judicial Circuit in and for Walton County, Florida. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The matter is before the Court on Respondent's motion to dismiss for failure to exhaust. ECF Doc. 11. Upon careful consideration of the petition, the Respondent's motion, and Petitioner's response (ECF Doc. 13), the undersigned

_____

[1] The electronic docket identifies the respondent as James Gill. This is incorrect and the clerk will be directed to fix the docket.

recommends the motion to dismiss be GRANTED and the petition be dismissed without prejudice.

## I.    BACKGROUND

In 2015, Horn was convicted after a jury trial of being a felon in possession of a firearm. *See* Case No.: 2012-CF-372. He was sentenced on August 24, 2015 to ten (10) years, to run consecutive to thirty (30) years he received for selling opiates in a related but separate case. (The verdict, judgment, scoresheet, information and arrest affidavit are located together at ECF Doc. 11-3 at 157-175.). Horn appealed the judgment and sentence, and, on August 12, 2016, the First District Court of Appeal ("First DCA") affirmed *per curiam* without a written opinion. ECF Doc. 11-5 at 108. The mandate issued on August 30, 2016. *See Horn v. State*, 216 So. 3d 634 (Fla. 1st DCA 2016)(1D15-4057); *Id.* at 110.

On November 12, 2016,[2] Horn filed a motion for postconviction relief, *id.* at 112, which he amended on November 22, 2016.[3] ECF Doc. 11-6 at 17. On May 23, 2017, the state court directed Horn to respond within thirty (30) days as to whether he wanted to proceed on the November 12 or November 22 petition. *Id.* at 47. Horn

---

[2] When available, the undersigned refers herein to the date the Petitioner submitted the referenced motion to prison mail officials, rather than the docketed date. *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

[3] On or about February 8, 2017, Horn also filed a federal habeas petition, Case No.: 3:17-cv-100-MCR-EMT, which was dismissed without prejudice on June 6, 2018, for failure to exhaust. ECF Doc. 29 (3:17-cv-100).

timely responded on June 15, 2017 and requested that the November 22 amended petition be deemed to replace the November 12 petition. *Id.* at 50.

On August 16, 2017, the court dismissed without prejudice the amended petition as insufficient and directed Horn to file a second amended petition within sixty (60) days. *Id.* at 54. Horn filed a second amended petition on October 6, 2017. *Id.* at 59.

On March 5, 2018, the state court directed the State to show cause within ninety (90) days why the petition should not be granted as to grounds two and three. ECF Doc. 11-7 at 20. The State, however, failed to respond, resulting in the court issuing a second show cause order on September 25, 2018, *id.* at 23, to which the State responded on December 11, 2018. ECF Doc. 11-8 at 2. (In the interim, Horn filed a motion to proceed on his second amended petition without a response by the State, ECF Doc. 11-7 at 30). On January 2, 2019, Horn filed a reply to the State's response. *Id.* at 16.

On January 23, 2019, Horn filed a petition for writ of mandamus with the First DCA, Case No.: 1D19-505, seeking a writ ordering the circuit court to rule on his motion. *Id.* at 30. On February 14, 2019, the First DCA directed Horn to provide an appendix containing various state court documents within twenty (20) days. *Id.* at 41. In the interim, on February 26, 2019, the state court entered an order stating that it would set the matter for an evidentiary hearing by separate order. ECF Doc.

11-9 at 2. Subsequently, because Horn did not respond to the First DCA's order, the court dismissed the petition for failure to prosecute on March 21, 2019. ECF Doc. 11-8 at 45.

Despite the state court's February 26, 2019, order indicating that it would be setting an evidentiary hearing, no hearing has been scheduled or held. Thus, as of the date of this Report and Recommendation, Horn's second amended motion for post-conviction relief remains pending. *See* docket sheet, 2012-CF-372, attached.[4]

Horn filed the instant federal petition on March 13, 2020.[5]

## II.    DISCUSSION

In the Secretary's motion to dismiss, he argues Horn has failed to exhaust his state court remedies because the state circuit court has not yet ruled upon Petitioner's pending motion for postconviction relief. Petitioner argues that the state circuit court's delay in ruling on the motion excuses his failure to exhaust. Thus, Petitioner seeks to have the Court rule on his petition. Alternatively, Petitioner moves for the Court to stay this case and hold it in abeyance, rather than dismiss it.

---

[4] This Court will take judicial notice of the state court docket. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020).

[5] Because Horn's post-conviction was filed only two (2) days after his judgment of conviction became final, and the motion, as amended, remains pending, Horn's petition is timely filed. *See Chavers v. Sec'y Fla. Dept. of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (judgment of conviction becomes final, for purposes of § 2241(d)(1), upon expiration of the 9-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court); 28 U.S.C. §§ 22444(d)(1)(A), 2244(d)(2).

For the reasons which follow, the undersigned finds that (1) Petitioner has failed to show that the state court remedies are unavailable or ineffective, such as necessary to for the Court to excuse exhaustion and (2) a stay and abeyance is not appropriate because the petition is not a mixed petition and Petitioner does not face the no-win scenario described in *Rhines v Weber,* 544 U.S. 269 (2005). The undersigned, therefore, recommends the petition be dismissed without prejudice.

## A.    Exhaustion Requirement Under 28 U.S.C. § 2254(b)(1)

As a rule, a state prisoner must exhaust all state remedies prior to bringing a federal habeas case. 28 U.S.C. § 2254(b)(1)(A) & (c). This means a district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). Furthermore, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

### B.    Absence of or Ineffectiveness of State Remedies

The "absence of available State corrective process" or "circumstances . . . that render such process ineffective to protect the [petitioner's] rights," may excuse a petition from having to exhaust his state remedies.  28 U.S.C. § 2254(b)(1)(B). "Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding." *Bartone v. United States*, 375 U.S. 52, 54 (1963). The courts, however, should proceed cautiously when considering whether to excuse exhaustion.  *See Claudio v. Sec'y*, DOC, 2015 WL 5996932, at *4 (M.D. Fla. Oct. 14, 2015) (citing *Wilkes v. Owens,* 2010 WL 3338690, at * 4 (S.D. Ga. Aug. 3, 2010), *report and recommendation adopted by* 2010 WL 3338687 (S.D.Ga. Aug. 23, 2010)).   The court's reluctance to excuse exhaustion is based on the accepted premise that the exhaustion requirement is "rooted in the principle of comity[.]" *Sloan,* 2011 WL 816789, at *2.   Indeed, "state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody

resulting from a state court judgment." *Id.* (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)).

Horn argues he should be excused from exhausting his state remedies because his second amended post-conviction motion has been pending for over four (4) years. ECF Doc. 13 at 3. Notably, however, a showing of a mere lapse of time will not win the day. Instead, the Petitioner must show that the delay is so inordinate as to frustrate the purpose of the proceeding. *Dixon v. Florida,* 388 F.2d 424, 425 (5th Cir.1968). For the Court to find the state remedy ineffective and excuse exhaustion, there must be "unreasonable, unexplained state delays" in acting on the motion. *Cook v. Fla. Parole and Probation Comm.,* 749 F.2d 678, 680 (11th Cir.1985) (*per curiam*) (citations omitted).

For example, a district court found that a motion for new trial which languished in the state court system for almost eleven years, with no evidence of progress toward resolution, evidenced an "intolerable state of affairs" justifying the decision to excuse exhaustion. *Sloan v. Chapman,* 2011 WL 816789, at * 2 (S.D.Ga. Jan. 31, 2011), *report and recommendation adopted by* 2011 WL 6032961 (S.D.Ga. Nov. 30, 2011). On the other hand, federal courts have concluded that an eight-year delay is reasonable when the state procedure was found to be both viable and available when the petitioner filed his federal petition, *Hughes v. Stafford,* 780 F.2d

1580, 1581–82 (11th Cir.1986) (*per curiam*), and a delay of 3.5 years is not "unreasonable or unjustified." *Cook,* 749 F.2d at 680.

Thus, even assuming there is a lengthy delay, a failure to exhaust should not be excused if the delay is attributable to the petitioner or is justified or excused because of unique circumstances. *Sloan,* 2011 WL 816789, at *3 (citing *Cook,* 749 F.2d at 680)). There is no single standard for evaluating what constitutes an unreasonable delay. *See Hollis v. Davis,* 941 F.2d 1471, 1475 (11th Cir.1991), *cert. denied,* 503 U.S. 938 (1992). A lengthy delay may be justifiable, for example, if the State is currently moving forward with the petitioner's state proceedings. *See, e.g., Slater v. Chatman*, 147 F. App'x 959, 960 (11th Cir. 2005) (affirming dismissal for failure to exhaust state remedies because, although there was "some question as to why it would take 14 months to appoint [appellate] counsel" for petitioner, his direct appeal appeared to be "moving forward" in state court); *Brown v. Walker,* 2010 WL 3516820, at *1 (N.D.Ga. Aug. 31, 2010) (finding unreasonable and unexplained delays when reviewing a state petition pending four years, but also holding that exhaustion was not excused because the proceedings were moving forward); *Wilkes,* 2010 WL 3338690, at *4 (recognizing that a federal court should be reluctant to interfere if the state court is making visible progress).

In *Hughes v. Stafford,* after the state court conducted a hearing on the petition for habeas corpus, the "proceeding apparently lay dormant" for eight (8) years until

the petitioner moved the state court to act on his petition. *Hughes v. Stafford*, 780 F.2d 1580, 1581–82 (11th Cir.1986). The state court then "promptly" denied the petition on the merits, and, rather than seek review by the Georgia Supreme Court, the petitioner filed his petition for federal habeas relief. Although the court agreed that "the eight-year delay in the state's ruling on [the] habeas corpus petition should not have occurred," the court found that "the state court nonetheless acted on the merits with prompt speed when [the petitioner] asked for a ruling." *Id.* at 1582. On that basis, "there [was] nothing to indicate [the petitioner] would not have received an expeditious handling of his case by the Georgia Supreme Court [and] the district court properly dismissed, without prejudice, [the] habeas corpus petition for failure to exhaust state remedies." *Id.; see also, Morris v. Carter,* 2014 WL 3809398, at *3 (N.D. Ga. Aug. 1, 2014) (discuss *Hughes*).

*Hughes* is instructive. Like the facts in *Hughes*, when Petitioner filed a petition for writ of mandamus with the First DCA on January 23, 2019, seeking a writ ordering the circuit court to rule on his motion, the state court "promptly" entered an order indicating it would set the matter for an evidentiary hearing. The First DCA, however, dismissed the petition because Horn did not file an appendix as he was ordered to do. Thus, as the court in *Hughes* concluded, there was nothing

to indicate that the state court would not have corrected its delay or the First DCA would not have afforded Petitioner relief if he had complied with its order.

Petitioner contends that Walton County is "crooked and corrupt." ECF Doc. 13 at 1. That allegation, however, is merely conclusory and without factual support. The record is devoid of any indication that the circuit court is simply stalling or delaying, as Petitioner posits. *Id.* at 3. Moreover, since the dismissal Petitioner has not attempted to compel the state courts to rule on his motion through mandamus. The undersigned, therefore, disagrees with Petitioner that he has "done everything in his power to try to get the [state] to act." ECF Doc. 13 at 4.

Horn should first complete the process for seeking a petition for writ of mandamus with the First DCA again, and complete it, before a federal court takes the drastic step of ignoring the exhaustion requirement. *See Jackson v. Walker,* 206 F. App'x 967, 969 (11th Cir.2006) (affirming dismissal without prejudice for failure to exhaust state remedies where state habeas petition was pending for two years without a ruling, state court had not decided petition within the period required by statute, and petitioner had not sought a writ of mandamus; petitioner had not exhausted all available state remedies because Georgia law allows him to seek a writ of mandamus to compel state court ruling on his habeas petition). Horn's failure to do so makes his claims unexhausted. *See Morris,* 2014 WL 3809398, at *3 ("Because Georgia law allows him to seek a writ of mandamus to compel the

superior court to rule on his state habeas petition, Petitioner has not exhausted all state remedies available to him and his Petition is required to be dismissed for this additional reason").  Therefore, the undersigned respectfully recommends that the Court not excuse exhaustion and rule on the habeas petition at this time.

### C.     A Stay and Abeyance Under *Rhines v. Weber* Is Not Appropriate in This Case

As stated above, relying on *Rhines v. Weber*, Horn argues that the Court should stay and hold the petition in abeyance until the state resolves the pending second amended post-conviction motion rather than dismiss the petition.

When a federal habeas petition raises claims that have not been exhausted in state proceedings, the district court ordinarily must dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."  *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004) (internal quotation marks omitted).  In certain "limited circumstances," however, the Court can grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim—but only when doing so is necessary in "protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued."  *Rhines*, 544 U.S. at 276-79.  In *Rhines,* the Court affirmed a stay of the petition because "if the District Court had dismissed Rhines' mixed petition at

that point, he would have been unable to refile in federal court after exhausting the unexhausted claims." *Id.* at 272–73.

The facts in this case, however, does not fit within the "limited circumstances" described in *Rhines*. First, despite Horn's statement that "Petitioner wishes to go to a mixed petition)," Horn does not present a mixed petition. ECF Doc. 13 at 2. Instead, all of his claims are unexhausted. In the federal petition, Horn brings six (6) grounds of ineffective assistance of trial counsel ("IATC"). His direct appeal only raised two issues of trial court error, *see* Mot. to Dismiss at 2-3, ECF Doc. 11, so the direct appeal could not have exhausted any of the federal IATC grounds. The six grounds of IATC in the federal petition are the same as those raised in the still-pending state application for postconviction review. *Compare* Pet., ECF Doc. 1 *to* Sec. Am. Mot. for Postconviction Relief, ECF Doc. 11-6 at 59. Since that application was the only one raised in state court, and is still pending, the IATC grounds in the petition are completely unexhausted. Thus, Horn does not have a mixed petition.

Second, Horn does not risk an untimely federal petition if his current petition is dismissed. In other words, Horn is not faced with the same no-win scenario facing the petitioner in *Rhines*. As set forth in the Background section, above, only two (2) days passed after Horn's judgment of conviction became final for § 2244(d)(1)(A) purposes when Horn filed his motion for post-conviction relief, which is still

pending.  Thus, if the Court dismisses the petition at this point, Horn would still be able to file a timely federal habeas petition after the state court fully resolves his post-conviction motion.

## IV.    CONCLUSION

Based on the above, Petitioner's petition should be dismissed without prejudice to allow him to fully exhaust state remedies.  Also, because this decision does not turn on any disputed factual allegation, the undersigned finds that an evidentiary hearing is not warranted.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.    That the Secretary's motion to dismiss, ECF Doc. 11, be GRANTED.

2.    That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Horn*, 2012-CF-372, in the First Judicial Circuit, in and for Walton County, Florida, ECF Doc. 1, be DISMISSED WITHOUT PREJUDICE.

3.    That a certificate of appealability be DENIED.

4.    That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of September, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**



## **Alex Alford** Clerk of Courts & County Comptroller

*"Providing exceptional service through innovation, quality and commitment."*

New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested |
|---|---|---|---|---|
| 662012CF000372CFAXMX [12000372CFAXMX] | 06/29/2012 | Felony 22-D | APPEAL DUE | NO |

| | Charge Seq # | Description | Date | Phase | Trial |
|---|---|---|---|---|---|
| ▶ | 1 | POSS OF WEAPON OR AMMO BY CONVICTED FELON | 08/24/2015 | Court:Adjudicated Guilty | Jury Trial |
| ▶ | 2 | POSS W INTENT TO SELL, MFG, DELIV CNTRL SUBST | 08/25/2015 | Prosecutor:Nolle Prosequi | |
| ▶ | 3 | POSS W INTENT TO SELL, MFG, DELIV CNTRL SUBST | 08/25/2015 | Prosecutor:Nolle Prosequi | |
| ▶ | 4 | POSSESSION DRUG PARAPHERNALIA | 08/25/2015 | Prosecutor:Nolle Prosequi | |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| LEWIS, JEFFREY EDWARD | JUDGE | | |
| SANTURRI, THOMAS R | JUDGE AT DISPOSITION | | |
| HORN, LUTHER ARTHUR III   Search This Party | DEFENDANT | | |

### Dockets

Page : 1   |◄   ◄◄   ►►   **ALL**

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 640 | 06/10/2020 | ORDER DENYING THE DEFENDANT PRO SE "MOTION TO COMPEL/RETURN OF PROPERTY" | 8 |
| | 639 | 06/04/2020 | MOTION TO COMPEL/RETURN OF PROPERTY FILED | 6 |
| | 638 | 08/05/2019 | CLERK'S RESPONSE TO DEFENDANT'S REQUEST FOR COURT DOCUMENTS FILED | 1 |
| | 637 | 08/05/2019 | REQUEST FOR COURT DOCUMENTS FILED | 3 |
| | 636 | 07/05/2019 | CLERK'S RESPONSE TO DEFENDANT'S LETTER OF INQUIRY FILED | 1 |
| | 635 | 07/05/2019 | LETTER OF INQUIRY FROM DEFENDANT FILED | 2 |
| 📄 | 634 | 02/26/2019 | ORDER GRANTING LIMITED EVIDENTIARY HEARING | 2 |
| | 633 | 01/07/2019 | DEFENDANT'S RESPONSE TO THE STATE'S RESPONSE TO THE ORDER TO SHOW CAUSE FILED | 14 |
| | 632 | 12/27/2018 | LETTER TO DEFENDANT FROM CLERK | 1 |
| | 631 | 12/26/2018 | REQUEST FOR COURT DOCUMENTS FILED | 3 |
| | 629 | 12/12/2018 | PROPOSED PROVISIONAL ORDER APPOINTING COUNSEL UNSIGNED | 1 |
| | 630 | 12/11/2018 | MOTION FOR A RULING WITHOUT A RESPONSE FROM THE STATE AND MOTION TO EXPEDITE | 11 |
| | 628 | 12/11/2018 | APPLICATION FOR CRIMINAL INDIGENT STATUS FILED | 1 |
| | 627 | 12/11/2018 | LETTER TO CLERK FROM DEFENDANT | 2 |
| | 626 | 12/11/2018 | STATE'S RESPONSE TO THE ORDER TO SHOW CAUSE | 13 |
| | 625 | 12/07/2018 | DOMESTIC RETURN RECEIPT FILED | 1 |
| | 624 | 12/03/2018 | OBJECTION TO ANY EXTENSION OF TIME FOR SECOND ORDER TO SHOW CAUSE REGARDING THE (PRO SE) DEFENDANT'S SECOND AMENDED MOTION FOR POST CONVICTION RELIEF | 6 |
| | 623 | 11/28/2018 | DOMESTIC RETURN RECEIPT FILED | 1 |
| | 621 | 11/27/2018 | TRANSCRIPT | 3 |
| | 622 | 11/26/2018 | CERTIFIED MAIL RECEIPT | 2 |
| | 620 | 11/26/2018 | BY ORDER OF THE COURT FILED | 2 |
| | 619 | 11/26/2018 | BY ORDER OF THE COURT FILED | 1 |
| | 618 | 11/21/2018 | EMAIL FROM DCA ACCEPTING THE FILING AND ADDING THE CASE TO THE DOCKET FILED | 1 |
| | 617 | 11/20/2018 | EFILING CONFIRMATION TO FIRST DISTRICT COURT OF APPEAL FILED | 3 |
| | 616 | 11/20/2018 | RECORD ON APPEAL EFILED TO DISTRICT COURT OF APPEAL | 46 |
| | 615 | 11/19/2018 | NOTICE OF APPEAL | 27 |
| | 614 | 11/15/2018 | OBJECTION TO ANY EXTENSION OF TIME FOR SECOND ORDER TO SHOW CAUSE REGARDING THE (PRO SE) DEFENDANT'S SECOND AMENDED MOTION FOR POST CONVICTION RELIEF. | 4 |
| | 613 | 11/08/2018 | ORDER FOR TRANSCRIPTION | 1 |
| | 612 | 11/06/2018 | PROPOSED ORDER FOR TRANSCRIPTION | 1 |
| | 611 | 10/25/2018 | ORDER DENYING THE DEFENDANT'S PRO SE "AMENDED MOTION FOR RETURN OF PROPERTY AS ORDERED BY THE COURT ON MAY 24TH, 2017" | 8 |
| 📄 | 610 | 09/25/2018 | EMAILED TO STAFF ATTORNEY FOR REVIEW | 1 |
| | 609 | 09/25/2018 | STATE'S RESPONSE TO THE ORDER TO SHOW CAUSE RELATED TO THE DEFENDANT'S MOTION FOR RETURN OF PROPERTY | 4 |
| | 608 | 09/25/2018 | SECOND ORDER TO SHOW CAUSE REGARDING THE PRO SE DEFENDANT'S SECOND AMENDED MOTION FOR POSTCONVICTION RELIEF | 2 |
| | 607 | 09/25/2018 | ORDER DENYING DEFENDANT'S PRO SE "MOTION TO UNSEAL ALL SEARCH WARRANTS AND AFFIDAVIT FOR SEARCH WARRANTS" | 24 |
| | 606 | 09/21/2018 | ORDER DIRECTING THE STATE TO FILE A COMPLETE RESPONSE | 2 |
| | 605 | 05/22/2018 | REOPENED FOR OTHER REASON ON 5/21/2018 | |
| | 604 | 05/21/2018 | MOTION TO UNSEAL (ALL) SEARCH WARRANTS AND AFFIDAVIT FOR SEARCH WARRANTS | 6 |
| | 603 | 04/06/2018 | REOPEN POST CONV RELIEF CLOSED ON 4/6/2018 | |
| | 602 | 04/06/2018 | ORDER DISMISSING DEFENDANT'S PRO SE "MOTION FOR A IN CAMERA INSPECTION" | 2 |
| | 601 | 03/26/2018 | MOTION FOR A IN CAMERA INSPECTION | 8 |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 600 | 03/05/2018 | ORDER TO SHOW CAUSE REGARDING THE PRO SE DEFENDANT'S SECOND AMENDED MOTION FOR POSTCONVICTION RELIEF | 2 |
| | 599 | 02/23/2018 | MOTION FOR APPOINTMENT OF COUNSEL | 8 |
| | 598 | 02/01/2018 | STATE'S RESPONSE TO THE ORDER TO SHOW CAUSE RELATED TO THE DEFENDANT'S MOTION FOR RETURN OF PROPERTY | 2 |
| | 597 | 12/22/2017 | MOTION FOR APPOINTMENT OF COUNSEL | 7 |
| | 596 | 12/07/2017 | ORDER TO SHOW CAUSE REGARDING THE DEFENDANT'S PRO SE "AMENDED MOTION FOR RETURN OF PROPERTY AS ORDERED ON MAY 24TH, 2017" | 11 |
| | 595 | 10/13/2017 | REOPEN OTHER REASON CLOSED ON 8/16/2017 | |
| | 594 | 10/13/2017 | REOPENED FOR POST CONV RELIEF ON 10/13/2017 | |
| | 593 | 10/13/2017 | DEFENDANT'S SECOND AMENDED MOTION FOR POSTCONVICTION RELIEF | 25 |
| | 592 | 08/16/2017 | REOPENED FOR POST CONV RELIEF ON 11/28/2016 | |
| | 591 | 08/16/2017 | ORDER STRIKING THE DEFENDANT'S PRO SE AMENDED MOTION FOR POST-CONVICTION RELIEF AND ORDER GRANTING THE DEFENDANT LEAVE TO FILE A SINGLE AMENDED MOTION WITHIN SIXTY DAYS | 4 |
| | 590 | 07/25/2017 | REOPENED FOR OTHER REASON ON 7/25/2017 | |
| | 589 | 07/25/2017 | EMAILED TO STAFF ATTORNEY FOR REVIEW | 1 |
| | 588 | 07/25/2017 | AMENDED MOTION FOR RETURN OF PROPERTY AS ORDERED BY THE COURT ON MAY 24TH 2017 | 1 |
| | 587 | 06/19/2017 | EMAILED TO STAFF ATTORNEY FOR REVIEW | |
| | 586 | 06/19/2017 | REOPENED FOR OTHER REASON ON 6/19/2017 | |
| | 585 | 06/19/2017 | DEFENDANT'S RESPONSE TO MOTION FOR POST CONVICTION RELIEF FILE | 4 |
| | 583 | 05/24/2017 | REOPEN OTHER REASON CLOSED ON 5/23/2017 | |
| | 582 | 05/24/2017 | REOPEN POST CONV RELIEF CLOSED ON 5/23/2017 | |
| | 584 | 05/23/2017 | CASE CLOSED | |
| | 581 | 05/23/2017 | ORDER DIRECTING A RESPONSE FROM THE DEFENDANT | 2 |
| | 580 | 05/23/2017 | ORDER DISMISSING THE DEFENDANT'S PRO SE AMENDED MOTION FOR RETURN OF PROPERTY | 3 |
| | 579 | 05/11/2017 | EMAILED TO STAFF ATTORNEY FOR REVIEW | |
| | 578 | 05/11/2017 | CLERK'S RESPONSE TO DEFENDANT'S LETTER OF INQUIRY FILED | 1 |
| | 577 | 05/11/2017 | LETTER OF INQUIRY FROM DEFENDANT FILED | 1 |
| | 576 | 05/11/2017 | ENVELOPE RECEIVED WITH LETTER FILED | 1 |
| | 575 | 05/03/2017 | NOTICE OF INQUIRY FILED | 2 |
| | 574 | 11/28/2016 | AMENDED MOTION FOR POST CONVICTION RELIEF | 29 |
| | 573 | 11/18/2016 | MOTION FOR POST CONVICTION RELIEF | 28 |
| | 572 | 10/31/2016 | REOPENED FOR OTHER REASON ON 10/31/2016 | |
| | 571 | 10/31/2016 | AMENDED MOTION FOR RETURN OF PROPERTY | 11 |
| | 570 | 09/22/2016 | ORDER STRIKING THE DEFENDANT'S MOTION FOR RETURN OF PROPERTY AND ORDER GRANTING THE DEFENDANT'S LEAVE TO FILE AN AMENDED MOTION WITHIN SIXTY DAYS | 7 |
| | 569 | 08/31/2016 | OPINION FILED - AFFIRMED | 1 |
| | 568 | 08/31/2016 | MANDATE FILED | 1 |
| | 567 | 08/30/2016 | LETTER FROM THE DISTRICT COURT OF APPEAL TO CLERK | 1 |
| | 566 | 08/09/2016 | LETTER TRANSMITTING PAYMENT FOR COPIES | 2 |
| | 565 | 07/25/2016 | ORDER GRANTING ATTORNEY'S FEES IN EXCESS OF FLAT FEE | 3 |
| | 564 | 07/21/2016 | LETTER TO DEFENDANT FROM CLERK | 2 |
| | 563 | 07/05/2016 | LETTER TO CLERK FROM DEFENDANT | 3 |
| | 562 | 06/24/2016 | LETTER TO DEFENDANT FROM CLERK | 1 |
| | 561 | 06/23/2016 | LETTER TO CLERK FROM DEFENDANT | 3 |
| | 560 | 06/23/2016 | LETTER TO CLERK FROM DEFENDANT | 2 |
| | 559 | 06/08/2016 | MOTION FOR ATTORNEY FEES, COSTS, OR EXPENSES | 6 |
| | 558 | 05/31/2016 | CLERK'S RESPONSE TO DEFENDANT'S LETTER OF INQUIRY FILED | 1 |
| | 557 | 05/27/2016 | DEFENDANT'S REQUEST TO THE CLERK FOR CERTIFIED COPIES OF SPECIFIC FILINGS CONTAINED WITHING THE RECORD | 3 |
| | 556 | 05/24/2016 | EMAILED TO STAFF ATTORNEY FOR REVIEW | |
| | 555 | 05/23/2016 | OPINION FILED - REMANDED | 2 |
| | 554 | 05/23/2016 | MANDATE FILED | 1 |
| | 553 | 05/23/2016 | LETTER FROM THE DISTRICT COURT OF APPEAL TO CLERK | 1 |
| | 552 | 05/23/2016 | MANDATE FILED | 1 |
| | 551 | 05/23/2016 | LETTER FROM THE DISTRICT COURT OF APPEAL TO CLERK | 1 |
| | 550 | 10/28/2015 | DOMESTIC RETURN RECEIPT FILED | 1 |
| | 549 | 10/26/2015 | DOMESTIC RETURN RECEIPT FILED | 1 |
| | 547 | 10/21/2015 | CERTIFIED MAIL RECEIPT | 1 |
| | 546 | 10/21/2015 | DESIGNATION OF A PUBLIC DEFENDER | 1 |
| | 548 | 10/20/2015 | RECORD ON APPEAL TO DISTRICT COURT OF APPEAL EFILE | 17 |
| | 545 | 10/20/2015 | COURT REPORTER'S ORIGINAL TRANSCRIPT OF AUGUST 24, 2015 VOLUME II OF II | 54 |
| | 544 | 10/20/2015 | COURT REPORTER'S ORIGINAL TRANSCRIPT OF AUGUST 24, 2015 VOLUME I OF II | 198 |
| | 543 | 10/20/2015 | COURT REPORTER'S ORIGINAL TRANSCRIPT OF AUGUST 24, 2015 | 23 |
| | 538 | 09/21/2015 | PROPOSED PROVISIONAL ORDER APPOINTING COUNSEL FILED. | 1 |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 537 | 09/21/2015 | PROPOSED ORDER OF INSOLVENCY | 1 |
| | 536 | 09/21/2015 | NOTICE OF APPEAL FILED BY DEFENDANT | 5 |
| | 535 | 09/02/2015 | LETTER OF ACKNOWLEDGMENT FROM DISTRICT COURT OF APPEALS. | 1 |
| | 534 | 09/01/2015 | EMAIL FROM DCA ACCEPTING THE FILING AND ADDING THE CASE TO THE DOCKET FILED | 1 |
| | 533 | 09/01/2015 | EFILING CONFIRMATION TO FIRST DISTRICT COURT OF APPEAL FILED | 1 |
| | 532 | 09/01/2015 | EMAIL FROM DCA ACCEPTING THE FILING AND ADDING THE CASE TO THE DOCKET FILED | 1 |
| | 531 | 09/01/2015 | ORDER OF INSOLVENCY | 1 |
| | 530 | 09/01/2015 | ORDER DIRECTING COURT REPORTER TO TRANSCRIBE DESIGNATED PROCEEDINGS | 1 |
| | 529 | 09/01/2015 | EFILING CONFIRMATION TO FIRST DISTRICT COURT OF APPEAL FILED | 2 |
| | 528 | 08/31/2015 | PROPOSED ORDER OF INSOLVENCY | 1 |
| | 527 | 08/31/2015 | PROPOSED ORDER DIRECTING COURT REPORTER TO TRANSCRIBE DESIGNATED PROCEEDINGS | 1 |
| | 526 | 08/31/2015 | MOTION TO WITHDRAW, DETERMINE THE DEFENDANT INDIGENT AND APPOINTMENT OF PUBLIC DEFENDER FOR PURPOSES OF APPEAL | 2 |
| | 525 | 08/31/2015 | MOTION FOR INSOLVENCY | 1 |
| | 524 | 08/31/2015 | STATEMENT OF JUDICIAL ACTS TO BE REVIEWED AND MOTION FOR COURT REPORTER TO TRANSCRIBE DESIGNATED PROCEEDINGS | 1 |
| | 522 | 08/31/2015 | DIRECTIONS TO THE CLERK FOR MAKING UP THE RECORD ON APPEAL | 1 |
| | 523 | 08/31/2015 | NOTICE OF APPEAL TO DISTRICT COURT | 1 |
| | 521 | 08/31/2015 | DEPARTMENT OF CORRECTIONS COMMITMENT PACKET FILED. | 18 |
| | 520 | 08/26/2015 | JAIL CREDIT MEMORANDUM FROM WALTON COUNTY JAIL-1153 DAYS | 1 |
| | 519 | 08/26/2015 | SUBPOENA RETURNED SERVED ON: BRUCE, RICHARD 07/24/15 | 2 |
| | 518 | 08/25/2015 | NO PROSECUTION | 1 |
| | 517 | 08/25/2015 | RECORDED CERTIFIED COPY OF JUDGMENT FOR FINES AND COSTS | 1 |
| | 516 | 08/25/2015 | JUDGMENT FOR FINES AND COSTS. | 1 |
| | 515 | 08/24/2015 | FINES AND COSTS REDUCED TO CIVIL JUDGMENT OR LIEN. | |
| | 512 | 08/24/2015 | VERDICT FORM FILED. | 1 |
| | 511 | 08/24/2015 | JURY INSTRUCTION(S) | 20 |
| | 510 | 08/24/2015 | EVIDENCE DATA SHEET | 2 |
| | 509 | 08/24/2015 | FINGERPRINTS OF DEFENDANT FILED AND SEALED | 2 |
| | 508 | 08/24/2015 | SENTENCING SCORESHEET | 3 |
| | 507 | 08/24/2015 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 506 | 08/24/2015 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 505 | 08/24/2015 | COUNTS II, III, AND IV SEVERED | |
| | 504 | 08/24/2015 | 10 YEARS DEPARTMENT OF CORRECTIONS; CONSECUTIVE TO CASE #13CF278 WITH 3 YEARS MIN/MAN | |
| | 503 | 08/24/2015 | DEFENDANT ORDERED TO PAY $300.00 IN PUBLIC DEFENDER | |
| | 502 | 08/24/2015 | $100.00 COST OF PROSECUTION | |
| | 501 | 08/24/2015 | $100.00 LOCAL GOVERNMENTAL TRUST FUND ASSESSED. | |
| | 500 | 08/24/2015 | COURT COST ORDERED IN THE AMOUNT OF $875.00 | |
| | 499 | 08/24/2015 | ADJUDICATED GUILTY | |
| | 498 | 08/24/2015 | CASE DISPOSITION | 1 |
| | 496 | 08/07/2015 | SUBPOENA RETURNED SERVED ON: JOSHUA MARTIN, PHILLIP CURRID | 4 |
| | 495 | 08/05/2015 | SUBPOENA RETURNED SERVED ON: D/S LLOYD SKIPPER, LT. BRUCE MADDOX | 4 |
| | 494 | 08/03/2015 | SUBPOENA RETURNED SERVED ON: D/S DUSTIN C. BURLISON | 2 |
| | 493 | 07/24/2015 | ORDER ON STIPULATED MOTION TO CONTINUE | 1 |
| | 492 | 07/24/2015 | JOINT MOTION TO CONTINUE | 2 |
| | 491 | 07/23/2015 | NOTICE OF APPEARANCE AS CO-COUNSEL | 1 |
| | 490 | 07/20/2015 | MOTION TO SEVER COUNT 1 OF INFORMATION | 2 |
| | 489 | 07/16/2015 | STANDING PRETRIAL ORDER | 2 |
| | 541 | 07/15/2015 | PROPOSED ORDER ON MOTION TO CONTINUE FILED | 1 |
| | 540 | 07/15/2015 | PROPOSED ORDER ON MOTION TO CONTINUE | 1 |
| | 488 | 07/09/2015 | BY ORDER OF THE COURT FILED | 1 |
| | 483 | 06/29/2015 | AMENDED DISCOVERY EXHIBIT FILED. | 1 |
| | 487 | 06/26/2015 | SUBPOENA RETURNED SERVED ON: D/S DUSTIN C. BURLISON, D/S PHILLIP CURRID, D/S LLOYD SKIPPER, D/S JOSHUA MARTIN, LT. BRUCE MADDOX | 10 |
| | 486 | 06/26/2015 | AMENDED DISCOVERY EXHIBIT FILED. | 1 |
| | 485 | 06/26/2015 | NOTICE OF INTENT TO RELY ON CERTIFIED RECORDS | 1 |
| | 484 | 06/26/2015 | AMENDED INFORMATION | 2 |
| | 482 | 06/23/2015 | AMENDED INFORMATION | 2 |
| | 481 | 06/15/2015 | BY ORDER OF THE COURT FILED | 1 |
| | 480 | 06/15/2015 | BY ORDER OF THE COURT FILED | 1 |
| | 479 | 06/15/2015 | LETTER OF ACKNOWLEDGMENT FROM DISTRICT COURT OF APPEALS. | 1 |
| | 478 | 06/11/2015 | ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD (AS TO APPEAL) | 1 |
| | 475 | 06/04/2015 | DISPOSITION GIVEN TO DEFENDANT IN OPEN COURT. | |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 474 | 06/04/2015 | DEFENDANT PRESENT IN COURT | |
| | 473 | 06/04/2015 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 07-27-15 ON CASE 12CF372 | 1 |
| | 472 | 06/04/2015 | BY ORDER OF THE COURT FILED | 1 |
| | 465 | 05/08/2015 | MOTION TO SUPPRESS/DISMISS/STRIKE AMANDA NORRIS'S TESTIMONY AND ALLEGED CONTROL BUYS AND SEARCH WARRANT | 10 |
| | 464 | 05/08/2015 | ORDER DENYING DEFENDANT'S PRO SE MOTION TO SUPPRESS/DISMISS ALL ALLEGED CONTROL BUYS | 3 |
| | 463 | 05/07/2015 | ORDER DENYING DEFENDANT'S PRO SE MOTION FOR CHANGE OF VENUE | 3 |
| | 462 | 05/07/2015 | ORDER DISMISSING DEFENDANT'S PRO SE MOTION TO SUPPRESS DISMISS STRIKE RULING ON FEBRUARY 19, 2015 | 2 |
| | 461 | 05/07/2015 | MOTION TO SUPPRESS/DISMISS ALL ALLEGED CONTROL BUYS | 8 |
| | 460 | 05/04/2015 | MOTION FOR CHANGE OF VENUE | 13 |
| | 459 | 05/04/2015 | MOTION TO SUPPRESS/DISMISS/STRIKE, RULING ON FEBRUARY 19, 2015 BY HONORABLE JUDGE THOMAS R SANTORRI, FOR MOTION FOR CONTINUANCE | 4 |
| | 458 | 05/04/2015 | ORDER DENYING DEFENDANT'S PRO SE MOTION FOR DISCHARGE DIRECTED TO THE NEW CHARGES AND AMENDMENT/MOTION FOR DISCHARGE DIRECTED TO THE NEW CHARGES FILED ON APRIL 14, 2015 | 65 |
| | 457 | 05/01/2015 | ORDER DISMISSING AS MOOT DEFENDANT'S PRO SE MOTION FOR CHANGE OF DISTRICT ATTORNEY JOSH MITCHELL | 7 |
| | 456 | 05/01/2015 | ORDER DISMISSING DEFENDANT'S PRO SE MOTION TO SUPPRESS/DISMISS THE SEARCH WARRANT (06/27/2012) | 3 |
| | 455 | 04/29/2015 | AMENDED MOTION FOR DISCHARGE DIRECTED TO THE NEW CHARGES FILED ON APRIL 14, 2015 | 4 |
| | 454 | 04/27/2015 | MOTION FOR CHANGE OF DISTRICT ATTORNEY | 11 |
| | 453 | 04/27/2015 | ANSWER TO DEMAND FOR NOTICE OF ALIBI | 2 |
| | 452 | 04/23/2015 | MOTION TO SUPPRESS/DISMISS THE SEARCH WARRANT (6/27/2012) | 13 |
| | 451 | 04/22/2015 | ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD | 1 |
| | 450 | 04/21/2015 | PROPOSED ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD | 1 |
| | 449 | 04/20/2015 | MOTION FOR DISCHARGE DIRECTED TO THE NEW CHARGES | 7 |
| | 448 | 04/16/2015 | MOTION FOR COMPETENCY HEARING; FOR AMANDA NORRIS | 4 |
| | 447 | 04/15/2015 | NOTICE OF DEFENDANT'S INTENT TO PARTICIPATE IN DISCOVERY | 6 |
| | 446 | 04/15/2015 | LETTER TO CLERK FROM DEFENDANT | 2 |
| | 442 | 04/08/2015 | COPY OF LETTER EMAILED TO COURT APPOINTED ATTORNEY POWELL | |
| | 441 | 04/08/2015 | LETTER TO CLERK FROM DEFENDANT | 2 |
| | 440 | 04/07/2015 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 439 | 04/07/2015 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 438 | 04/07/2015 | ATTORNEY PRESENT IN COURT. | |
| | 437 | 04/07/2015 | DEFENDANT PRESENT IN COURT | |
| | 436 | 04/07/2015 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 05-11-15 NELSON HEARING - GRANTED MR HORN MAY REPRESENT HIMSELF MOTION TO WITHDRAW FILED BY ATTORNEY GILLIS POWELL ATTORNEY APPOINTED AS "STAND-BY" COUNSEL MOTIONS WILL BE HEARD BEFORE TRIAL ON 5-11-15 | 1 |
| | 433 | 03/27/2015 | PROPOSED ORDER ON DEFENDANTS MOTION TO WITHDRAW AS COUNSEL OF RECORD | 1 |
| | 434 | 03/27/2015 | MOTION TO WITHDRAW AS COUNSEL OF RECORD | 2 |
| | 430 | 03/24/2015 | EMAIL FROM KRISTIE SOMERS REGARDING CASE. | 1 |
| | 429 | 03/23/2015 | MOTION FOR A NELSON HEARING | 4 |
| | 428 | 03/19/2015 | ORDER GRANTING MOTION FOR CONTINUANCE | 1 |
| | 427 | 03/16/2015 | DEFENDANT'S ARGUMENTS OF FACTS IN REFERENCE TO PRO SE MOTIONS FILED | 5 |
| | 426 | 03/09/2015 | EMAIL FROM DCA ACCEPTING THE FILING AND ADDING THE CASE TO THE DOCKET FILED | 1 |
| | 425 | 03/09/2015 | EFILING CONFIRMATION TO FIRST DISTRICT COURT OF APPEAL FILED | 1 |
| | 424 | 03/06/2015 | ORDER TO WITHDRAW AND REAPPOINT TRIAL COUNSEL | 1 |
| | 423 | 03/05/2015 | MOTION TO WITHDRAW APPOINTMENT ON APPEAL | 1 |
| | 422 | 03/03/2015 | THIRD ORDER STRIKING DEFENDANT'S PRO SE FILING | 2 |
| | 421 | 03/02/2015 | DEFENDANT'S PRO SE MOTION TO SUPPRESS/ DISMISS/ STRIKE RULING ON FEB 19, 2015 BY JUDGE THOMAS R SANTURRI FOR MOTION FOR CONTINUANCE | 4 |
| | 420 | 02/25/2015 | SECOND ORDER STRIKING DEFENDANT'S MULTIPLE PRO SE FILINGS | 3 |
| | 417 | 02/23/2015 | BY ORDER OF THE COURT FILED | 1 |
| | 416 | 02/20/2015 | STANDING PRETRIAL ORDER | 2 |
| | 415 | 02/19/2015 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 414 | 02/19/2015 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 413 | 02/19/2015 | ATTORNEY PRESENT IN COURT. | |
| | 412 | 02/19/2015 | DEFENDANT PRESENT IN COURT | |
| | 411 | 02/19/2015 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 04-13-15 JURY | 1 |
| | 410 | 02/13/2015 | ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS OR RELATED EXPENSES | 4 |
| | 407 | 01/22/2015 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 406 | 01/22/2015 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 405 | 01/22/2015 | ATTORNEY PRESENT IN COURT. | |
| | 404 | 01/22/2015 | DEFENDANT WAS PRESENT IN COURT. | |
| | 403 | 01/22/2015 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 2/19/2015, 2/23/2015 | 1 |
| | 400 | 01/07/2015 | NOTICE OF HEARING ON MOTION FOR ATTORNEY'S FEES, COSTS OR RELATED EXPENSES | 2 |
| | 399 | 12/19/2014 | MOTION TO SUPPRESS/DISMISS THE SEARCH WARRANT ON JUNE 27, 2014 | 10 |
| | 398 | 12/09/2014 | MOTION FOR ATTORNEY'S FEES, COSTS OR RELATED EXPENSES | 10 |
| | 394 | 12/04/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 393 | 12/04/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 392 | 12/04/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 1/22/2015 | 1 |
| | 391 | 11/19/2014 | MOTION FOR CHANGE OF DISTRICT ATTORNEY, JOSH MITCHELL | 7 |
| | 390 | 11/19/2014 | AMENDMENT/SUPPLEMENT, MOTION FOR CHANGE OF VENUE | 6 |
| | 389 | 11/19/2014 | MOTION FOR COMPETENCY HEARING; FOR AMAND NORRIS | 4 |
| | 388 | 11/19/2014 | COURT NOTICE AND ORDER SENT RETURNED UNDELIVERED. | 4 |
| | 387 | 11/14/2014 | MOTION FOR CHANGE OF VENUE | 9 |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 386 | 11/14/2014 | MOTION FOR DISCHARGE DIRECTED TO THE NEW CHARGES | 8 |
| | 385 | 11/12/2014 | NOTICE MAILED TO DEFENDANT AND ATTORNEY. | 4 |
| | 383 | 11/12/2014 | ORDER ON DEFENDANT'S STIPULATED MOTION TO CONTINUE | 1 |
| | 382 | 11/10/2014 | PROPOSED ORDER ON DEFENDANT'S STIPULATED MOTION TO CONTINUE | 1 |
| | 381 | 11/10/2014 | STIPULATED MOTION TO CONTINUE | 1 |
| | 380 | 11/05/2014 | DEFENDANT'S FLORIDA BAR COMPLAINT AGAINST ATTORNEY RYAN MYNARD-ATTORNEY ANSWERS TO COMPLAINT | 24 |
| | 379 | 10/16/2014 | DESIGNATION OF A PUBLIC DEFENDER SECOND JUDICIAL CIRCUIT FOR HANDLING OF APPEAL | 1 |
| | 378 | 10/09/2014 | NOTICE OF APPEARANCE, WRITTEN PLEA OF NOT GUILTY, AND DEMAND FOR JURY TRIAL | 1 |
| | 377 | 10/09/2014 | DEMAND FOR DISCOVERY, | 3 |
| | 376 | 10/08/2014 | NOTICE E-MAILED TO ATTORNEY. | 1 |
| | 374 | 10/07/2014 | ORDER GRANTING MOTION TO WITHDRAW AND APPOINTMENT OF CONFLICT COUNSEL FILED | 1 |
| | 368 | 10/07/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | 1 |
| | 367 | 10/07/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 11/20/14. MOTION TO WITHDRAW - GRANTED | 1 |
| | 366 | 10/06/2014 | PROPOSED ORDER GRANTING MOTION TO WITHDRAW AND APPOINTMENT OF CONFLICT COUNSEL | 1 |
| | 365 | 10/06/2014 | MOTION TO WITHDRAW | 2 |
| | 363 | 09/19/2014 | EMAIL FROM DCA ACCEPTING THE FILING AND ADDING THE CASE TO THE DOCKET FILED | 1 |
| | 362 | 09/19/2014 | EFILING CONFIRMATION TO FIRST DISTRICT COURT OF APPEAL FILED | 1 |
| | 361 | 09/17/2014 | DOCKETING STATEMENT FOR NON ATTORNEY | 6 |
| | 360 | 09/17/2014 | LETTER FROM DEFENDANT | 1 |
| | 359 | 09/17/2014 | PROVISIONAL ORDER APPOINTING COUNSEL FILED. | 1 |
| | 358 | 09/12/2014 | LETTER TO CLERK FROM DEFENDANT FILED. | 1 |
| | 357 | 09/12/2014 | APPLICATION FOR CRIMINAL INDIGENT STATUS FILED | 1 |
| | 356 | 09/12/2014 | DOMESTIC RETURN RECEIPT FILED | 1 |
| | 355 | 09/09/2014 | COPY NOTICE OF APPEAL FILED | 7 |
| | 354 | 09/05/2014 | CERTIFIED MAIL RECEIPT | 1 |
| | 353 | 09/04/2014 | INDIGENCY REVIEW LETTER MAILED TO DEFENDANT AND PUBLIC DEFENDER FILED | 1 |
| | 352 | 09/04/2014 | RECORD ON APPEAL TO DISTRICT COURT OF APPEAL EFILE | 3 |
| | 351 | 09/04/2014 | EMAIL FROM DCA ACCEPTING THE FILING AND ADDING THE CASE TO THE DOCKET FILED | 1 |
| | 350 | 09/04/2014 | EFILING CONFIRMATION TO FIRST DISTRICT COURT OF APPEAL FILED | 2 |
| | 348 | 09/03/2014 | NOTICE OF APPEAL FILED | 7 |
| | 347 | 08/11/2014 | ORDER DISMISSING THE DEFENDANT'S PRO SE MOTION FOR RETURN OF PROPERTY, MOTION ON INFORMATION ON THE STATUS OF PENDING CASE OF MOTION FOR RETURN OF PROPERTY, AND PETITION FOR WRIT OF MANDAMUS | 3 |
| | 346 | 08/11/2014 | ORDER STRIKING THE DEFENDANT'S MULTIPLE PRO SE FILINGS | 3 |
| | 345 | 08/05/2014 | PETITION FOR WRIT OF MANDAMUS FILED. | 5 |
| | 344 | 07/29/2014 | CLERK'S RESPONSE TO DEFENDANT'S LETTER OF INQUIRY FILED | 2 |
| | 343 | 07/23/2014 | COURT NOTICE SENT RETURNED UNDELIVERED. | 1 |
| | 342 | 07/23/2014 | LETTER OF INQUIRY FROM DEFENDANT FILED | 7 |
| | 341 | 07/17/2014 | NOTICE MAILED TO DEFENDANT. | 4 |
| | 340 | 07/16/2014 | PROPOSED ORDER ON MOTION TO CONTINUE | 1 |
| | 339 | 07/16/2014 | MOTION TO CONTINUE | 2 |
| | 338 | 07/16/2014 | ORDER ON MOTION TO CONTINUE | 1 |
| | 337 | 07/15/2014 | MOTION ON INFORMATION ON THE STATUS OF PENDING CASE OF MOTION FOR RETURN OF PROPERTY | 4 |
| 📄 | 542 | 07/15/2014 | PROPOSED ORDER ON MOTION TO CONTINUE | 1 |
| | 336 | 07/15/2014 | MOTION TO CONTINUE | 2 |
| | 330 | 06/25/2014 | NOTICE MAILED TO ATTORNEY. | 2 |
| | 326 | 06/24/2014 | MOTION FOR RETURN OF PROPERTY | 7 |
| | 321 | 05/12/2014 | MOTION FOR MISTRIAL FILED BY DEFENDANT | 2 |
| | 320 | 05/12/2014 | DEPOSITION OF AMANDA NORRIS | 32 |
| | 319 | 05/12/2014 | MOTION IN LIMINE/MOTION TO SUPPRESS | 3 |
| | 318 | 05/12/2014 | LETTER TO CHIEF JUDGE TERRY TERRELL | 4 |
| | 317 | 05/12/2014 | MOTION TO DISMISS FILED BY DEFENDANT | 2 |
| | 316 | 05/12/2014 | AMENDMENT TO DISMISSAL OF SEARCH WARRANT | 3 |
| | 315 | 05/12/2014 | MOTION IN LIMINE-GRANTED SECOND MOTION IN LIMINIE GRANTED | |
| | 314 | 05/12/2014 | CASE DISPOSITION | 1 |
| | 312 | 05/06/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 311 | 05/06/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 310 | 05/06/2014 | MOTION TO DISQUALIFY-GRANTED (ALL CASES) | |
| | 309 | 05/06/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 308 | 05/06/2014 | DISPOSITION GIVEN TO DEFENDANT IN OPEN COURT. | |
| | 307 | 05/06/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 05/12/2014 | 1 |
| | 306 | 04/16/2014 | AMENDMENT TO DISMISSAL OF SEARCH WARRANT | 4 |
| | 302 | 04/09/2014 | MOTION TO DISMISS JUDGE WELLS AND CHANGE OF VENUE (FILED BY DEFENDANT, NOT HIS COURT APPOINTED ATTORNEY) | 5 |
| | 301 | 04/07/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 300 | 04/07/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 299 | 04/07/2014 | ATTORNEY PRESENT IN COURT. | |
| | 298 | 04/07/2014 | DEFENDANT WAS PRESENT IN COURT. | |
| | 297 | 04/07/2014 | MOTION ON WILLIAMS RULE-STILL UNDER ADVISEMENT | |
| | 296 | 04/07/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 05/06/2014 7 05/12/2014 | 1 |
| | 295 | 04/07/2014 | SUBPOENA RETURNED UNSERVED ON: RICHARD ARTHUR BRUCE | 2 |
| | 294 | 04/03/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 293 | 04/03/2014 | DEFENDANT WAS PRESENT IN COURT. | |
| | 292 | 04/03/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 04/07/2014 | 1 |
| | 291 | 04/03/2014 | SUBPOENA RETURNED SERVED ON: ADAM BLACK | 2 |
| | 288 | 04/01/2014 | EVIDENCE DATA SHEET | 1 |
| | 287 | 04/01/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 286 | 04/01/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 284 | 04/01/2014 | CASE LAW | 6 |
| | 283 | 04/01/2014 | STATE EXHIBIT 1 | 12 |
| | 282 | 04/01/2014 | WILLIAM RULE TAKEN UNDER ADVISEMENT-MOTION TO SUPPRESS-DENIED | |
| | 281 | 04/01/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 04/07/14 | 1 |
| | 280 | 04/01/2014 | SUBPOENA RETURNED SERVED ON: DONALD LYNN MCQUAIT | 2 |
| | 279 | 03/27/2014 | SUBPOENA RETURNED UNSERVED ON: MARK ARNOLD WILLIAMS; DONALD MONGOVIAN | 4 |
| | 278 | 03/27/2014 | SUBPOENA RETURNED SERVED ON: CALEB A DAVIDSON; BARRY COY HATTON; LLOYD SKIPPER | 6 |
| | 277 | 03/26/2014 | SUBPOENA RETURNED SERVED ON: JOSHUA MARTIN | 2 |
| | 276 | 03/26/2014 | SUBPOENA RETURNED SERVED ON:BRUCE MADDOX | 2 |
| | 275 | 03/26/2014 | SUBPOENA RETURNED SERVED ON: PHILLIP CURRID | 2 |
| | 274 | 03/26/2014 | SUBPOENA RETURNED SERVED ON: DUSTIN BURLISON | 2 |
| | 273 | 03/18/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 272 | 03/18/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 271 | 03/18/2014 | ATTORNEY PRESENT IN COURT. | |
| | 270 | 03/18/2014 | DEFENDANT WAS PRESENT IN COURT. | |
| | 269 | 03/18/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 04/01/14, 04/03/14 AND 04/07/14. | 1 |
| | 268 | 03/17/2014 | NOTICE RETURNED UNSERVED. | 2 |
| | 267 | 03/10/2014 | NOTICE MAILED TO DEFENDANT AND ATTORNEY. | 4 |
| | 264 | 03/05/2014 | ORDER ON MOTION TO CONTINUE | 1 |
| | 263 | 03/04/2014 | SUBPOENA RETURNED SERVED ON: MEGAN SANAI | 3 |
| | 260 | 03/04/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 259 | 03/04/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 258 | 03/04/2014 | MOTION TO CONTINUE-GRANTED | |
| | 257 | 03/04/2014 | ATTORNEY PRESENT IN COURT. | |
| | 256 | 03/04/2014 | DEFENDANT WAS PRESENT IN COURT. | |
| | 255 | 03/04/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 04/01/2014 | 1 |
| | 254 | 03/03/2014 | SUBPOENA RETURNED UNSERVED ON: SAMANTHA ROBINSON AND ROY RICHARD MCGRAW | 2 |
| | 253 | 02/28/2014 | SUBPOENA RETURNED SERVED ON:MEGAN SANAI | 3 |
| | 252 | 02/27/2014 | PROPOSED ORDER ON MOTION TO CONTINUE | 1 |
| | 251 | 02/27/2014 | MOTION TO CONTINUE | 3 |
| | 250 | 02/27/2014 | SUBPOENA RETURNED SERVED ON MICHAEL SYLVEST, MICHAEL PETTIT, MICHAEL SYLVEST FOR CAROLYN KEY, AND BRENDA SAILER FOR REBECCA SAILER | 4 |
| | 249 | 02/26/2014 | SUBPOENA RETURNED UNSERVED ON: ADAM BLACK, RICHARD BRUCE, DONALD MONGOVIAN | 6 |
| | 248 | 02/26/2014 | SUBPOENA RETURNED SERVED ON: DONALD MCQUAIT | 2 |
| | 247 | 02/26/2014 | SUBPOENA RETURNED UNSERVED ON: LEONARD TEPPARIT HEFLIN, JEAN C EVANS, RONNIE DEWAYNE COLEMAN, DONALD MONGOVIAN AND DARA LAEL SMITH | 5 |
| | 246 | 02/26/2014 | SUBPOENA RETURNED SERVED ON:DONALD MCQUAIT | 1 |
| | 245 | 02/25/2014 | SUBPOENA RETURNED UNSERVED ON:ROBERT ANDREW DUBUISSON, WILLIAM MONROE ANDERSON, JR., STEPHEN MICHAEL GRANT, SUMMER NICOLE GRIZZARD, DANIEL FRANCES HAIR, DANIELLE ANN HASSLER, MARK CHRISTOPHER TENORE, JR., FORREST TODD SMITH, SAMUEL PETTY AND ALAN FREDERICK PERKINS | 10 |
| | 244 | 02/25/2014 | SUBPOENA RETURNED SERVED ON: PAUL VATTER, JAMES SCHROEDER, DEBRA MITCHEM, ZACHARHY ALFORD, AMBER COLBETH FOR DENNIS FABACHER, DONNA IRWIN FOR JERRY HIGHERS, WESTIN WAGSTAFF, JACOB TOMLINSON FOR JENNIFER TOMLINSON, TERESA PASCOE FOR NATASHIA PASCOE AND BRIAN BEKAT FOR RICHARD MARICELLI | 10 |
| | 243 | 02/25/2014 | SUBPOENA RETURNED SERVED ON: JEREMY JAMES LARNCE | 7 |
| | 242 | 02/25/2014 | SUBPOENA RETURNED SERVED ON RUBEN MICHAEL LOPEZ | 7 |
| | 237 | 02/24/2014 | SUBPOENA RETURNED SERVED ON: JEREMY GLEN MARCUM | 7 |
| | 236 | 02/24/2014 | SUBPOENA RETURNED UNSERVED ON: JEREMIAH EDWARD NUTTAL | 7 |
| | 235 | 02/21/2014 | SUBPOENA RETURNED UNSERVED ON: STEPHAN ANTHONY GERACI | 7 |
| | 234 | 02/21/2014 | SUBPOENA RETURNED EXECUTED EF | 15 |
| | 233 | 02/20/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 232 | 02/20/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 231 | 02/20/2014 | ATTORNEY PRESENT IN COURT. | |
| | 230 | 02/20/2014 | DEFENDANT WAS PRESENT IN COURT. | |
| | 229 | 02/20/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 03/04/2014, 03/06/2014 & 03/10/2014 | 1 |
| | 225 | 02/10/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 222 | 02/10/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 2/11/14 | 1 |
| | 221 | 02/06/2014 | CASE DISPOSITION | 1 |
| | 220 | 02/06/2014 | "PETITION" "ILLEGAL SEARCH AND PROCEDURE" | 6 |
| | 218 | 02/05/2014 | NOTICE OF TAKING DEPOSITION EF | 1 |
| | 217 | 02/05/2014 | NOTICE OF TAKING DEPOSITION EF | 2 |
| | 216 | 01/31/2014 | PETITION FOR CO-REPRESENTATION FILED | 5 |
| | 212 | 01/23/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 211 | 01/23/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 210 | 01/23/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO :2/06/14, 2/10/14 | 1 |
| | 209 | 01/17/2014 | AMENDED DISCOVERY EXHIBIT FILED. EF | 5 |
| | 205 | 01/09/2014 | ORDER DENYING MOTION TO WITHDRAW FILED | 1 |
| | 204 | 01/09/2014 | MOTION TO WITHDRAW | 2 |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 203 | 01/09/2014 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 202 | 01/09/2014 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 201 | 01/09/2014 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 01/23/14 | 1 |
| 📄 | 200 | 01/08/2014 | PROPOSED ORDER GRANTING MOTION TO WITHDRAW AND APPOINTMENT OF CONFLICT COUNSEL | 1 |
| | 199 | 01/07/2014 | MOTION TO WITHDRAW EF | 2 |
| | 198 | 01/06/2014 | DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY | 2 |
| | 197 | 12/13/2013 | NO UPDATED ADDRESS AVAILABLE | |
| | 196 | 12/13/2013 | COURT NOTICE SENT RETURNED UNDELIVERED. | 3 |
| | 195 | 12/05/2013 | SUBPOENA RETURNED SERVED ON: LLOYD SKIPPER, JOSHUA MARTIN, BRUCE MADDOX, DUSTIN BURLISON, AND PHILLIP CURRID | 10 |
| | 194 | 12/03/2013 | NOTICE MAILED TO ATTORNEY. | 2 |
| | 193 | 12/03/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 192 | 12/03/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 1/09/14, 1/13/14 | 1 |
| | 191 | 12/03/2013 | NOTICE MAILED TO DEFENDANT AND ATTORNEY. | 4 |
| | 188 | 12/03/2013 | ORDER GRANTING MOTION FOR CONTINUANCE | 1 |
| 📄 | 539 | 11/26/2013 | PROPOSED ORDER GRANTING MOTION FOR CONTIUANCE | 1 |
| | 187 | 11/26/2013 | STATE'S MOTION FOR CONTINUANCE | 2 |
| | 186 | 11/21/2013 | SUBPOENA RETURNED UNSERVED ON: ADAM BLACK | 1 |
| | 185 | 11/21/2013 | SUBPOENA RETURNED SERVED ON: CI C/O OFFICE OF STATE ATTORNEY, GAYLA DAWN BRADLEY, MARK ARNOLD WILLIAMS, LACEY G STEWART, DONALD PATRICK MCGOVEN | 5 |
| | 184 | 11/21/2013 | LETTER TO CLERK FROM ATTORNEY | 1 |
| | 183 | 11/21/2013 | SUBPOENA RETURNED UNSERVED ON: MARK ARNOLD WILLIAMS | 2 |
| | 182 | 11/21/2013 | SUBPOENA RETURNED SERVED ON: ADAM BLACK; BARRY COY HATTON | 4 |
| | 178 | 11/18/2013 | AMENDED DISCOVERY EXHIBIT FILED. EF | 2 |
| | 177 | 11/14/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 176 | 11/14/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 175 | 11/14/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 12/03/13, 12/09/13 | 1 |
| | 174 | 11/01/2013 | NOTICE OF TAKING DEPOSITIONS | 1 |
| | 173 | 10/26/2013 | MOTION TO COMPEL DISCOVERY | 3 |
| | 169 | 10/17/2013 | DISPOSITION GIVEN TO JAIL. | |
| | 168 | 10/17/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 167 | 10/17/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 11/14/2013 | 1 |
| | 163 | 09/19/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 162 | 09/19/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 161 | 09/19/2013 | ATTORNEY PRESENT IN COURT. | |
| | 160 | 09/19/2013 | DEFENDANT PRESENT IN COURT | |
| | 159 | 09/19/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 10-17-17 | 1 |
| | 158 | 09/06/2013 | SUBPOENA RETURNED UNSERVED ON: MARK WILLIAMS AND GAYLA BRADLEY | 2 |
| | 157 | 09/06/2013 | SUBPOENA RETURNED SERVED ON: LLOYD SKIPPER, DUSTIN BURLISON, DONALD MONGOVEN, DYANA CHASE, LACEY STEWART, CALEB DAVIDSON, ADAM BLACK, PHILLIP CURRID, JOSHUA MARTIN, BARRY HATTON, BRUCE MADDOX | 11 |
| | 156 | 09/04/2013 | SUBPOENA RETURNED SERVED ON: D/S DYANA A CHASE & BARRY COY HATTON | 6 |
| | 155 | 08/30/2013 | SUBPOENA RETURNED SERVED ON: DUSTIN BURLISON; JOSHUA MARTIN; LLOYD SKIPPER; BRUCE MADDOX; CALEB DAVIDSON; PHILLIP CURRID | 18 |
| | 151 | 08/22/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 150 | 08/22/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 149 | 08/22/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 09/19/13 | 1 |
| | 148 | 08/22/2013 | NOTICE OF TAKING DEPOSITIONS | 2 |
| | 144 | 08/01/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 143 | 08/01/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 142 | 08/01/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 08/22/13 | 1 |
| | 141 | 08/01/2013 | NOTICE OF DEFENDANT'S INTENT TO PARTICIPATE IN DISCOVERY | 3 |
| | 140 | 08/01/2013 | WRITTEN PLEA OF NOT GUILTY FILED. | 1 |
| | 139 | 08/01/2013 | NOTICE OF APPEARANCE | 1 |
| | 138 | 08/01/2013 | LETTER TO CLERK FROM ATTORNEY | 1 |
| | 137 | 07/31/2013 | FAX COPY NOTICE OF DEFENDANT'S INTENT TO PARTICIPATE IN DISCOVERY | 3 |
| | 136 | 07/31/2013 | FAX COPY WRITTEN PLEA OF NOT GUILTY FILED. | 1 |
| | 135 | 07/31/2013 | FAX COPY NOTICE OF APPEARANCE | 1 |
| | 134 | 07/31/2013 | FAX COVER LETTER FROM ATTORNEY | 1 |
| | 133 | 07/31/2013 | FAX COVER SHEET FROM ATTORNEY'S OFFICE FILED | 1 |
| | 132 | 07/26/2013 | NOTICE MAILED TO DEFENDANT AND ATTORNEY. | 4 |
| | 131 | 07/26/2013 | ORDER GRANTING MOTION TO WITHDRAW FILED | 2 |
| | 130 | 07/25/2013 | MOTION TO WITHDRAW AS COUNSEL | 1 |
| | 129 | 07/24/2013 | NOTICE MAILED TO ATTORNEY. | 2 |
| | 128 | 07/24/2013 | NOTICE OF APPEARANCE, NOTICE OF DISCOVERY AND DEMAND FOR JURY TRIAL | 1 |
| | 125 | 07/18/2013 | DISPOSITION GIVEN TO ATTORNEY-ORC | |
| | 124 | 07/18/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 123 | 07/18/2013 | ORDER TO WITHDRAW & APPT. OF CONFLICT COUNSEL- DONALD WITMYER | 1 |
| | 122 | 07/18/2013 | OFFICE OF REGIONAL COUNSEL ALLOWED TO WITHDRAW. | |
| | 121 | 07/18/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 08/01/13 | 1 |
| | 120 | 07/12/2013 | NOTICE MAILED TO ATTORNEY. | 1 |
| | 119 | 07/11/2013 | ORDER TO WITHDRAW & APPT. OF CONFLICT COUNSEL-DONALD WITMYER | 1 |
| | 118 | 07/09/2013 | MOTION TO WITHDRAW FILED. | 2 |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 117 | 06/19/2013 | ORDER TO WITHDRAW & APPT. OF CONFLICT COUNSEL-DEFENDANT'S COPY RETURNED UNSERVED | 4 |
| | 116 | 06/19/2013 | NOTICE OF APPEARANCE AND DEMAND FOR DISCOVERY FILED | 1 |
| | 115 | 06/12/2013 | NOTICE MAILED TO ATTORNEY. | 2 |
| | 114 | 06/12/2013 | ORDER TO WITHDRAW & APPT. OF CONFLICT COUNSEL-OFFICE OF CRIMINAL CONFLICT AND CIVIL REGIONAL COUNSEL | 2 |
| | 113 | 06/11/2013 | MOTION TO WITHDRAW | 1 |
| | 109 | 05/14/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 108 | 05/14/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 107 | 05/14/2013 | DEFENDANT ENTERED A PLEA OF NOT GUILTY | |
| | 106 | 05/14/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 7/18/13 | 1 |
| | 105 | 05/08/2013 | NOTICE OF DISCOVERY | 1 |
| | 104 | 05/02/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 103 | 05/02/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 102 | 05/02/2013 | PROVISIONAL ORDER APPOINTING COUNSEL FILED. | 1 |
| | 101 | 05/02/2013 | APPLICATION FOR CRIMINAL INDIGENT STATUS FILED | 1 |
| | 100 | 05/02/2013 | PUBLIC DEFENDER APPOINTED IN OPEN COURT BY JUDGE. | |
| | 99 | 05/02/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 5/16/13, MOTION TO WITHDRAW- GRANTED | 1 |
| | 92 | 04/18/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 91 | 04/18/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 90 | 04/18/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO: 05/02/13 | 1 |
| | 86 | 04/04/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 85 | 04/04/2013 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 84 | 04/04/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 04/18/13 | 1 |
| | 81 | 03/21/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 80 | 03/21/2013 | ATTORNEY PRESENT IN COURT. | |
| | 79 | 03/21/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 04/04/13 | 1 |
| | 75 | 03/07/2013 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 74 | 03/07/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 03/21/13 | 1 |
| | 73 | 02/27/2013 | SUBPOENA RETURNED SERVED ON: DYANA A CHASE | 2 |
| | 72 | 02/26/2013 | SUBPOENA RETURNED SERVED ON: JIM CAREY | 2 |
| | 69 | 02/22/2013 | AMENDED DISCOVERY EXHIBIT FILED. | 1 |
| | 68 | 02/21/2013 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 03-07-13 | 1 |
| | 64 | 11/15/2012 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 63 | 11/15/2012 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 02/21/13 | 1 |
| | 59 | 10/18/2012 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 58 | 10/18/2012 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 11/15/12, DEFENDANT IS IN THE SANTA ROSA COUNTY JAIL | 1 |
| | 57 | 09/18/2012 | MOTION GRANTED TO UNSEAL SEARCH WARRANT FILED | 1 |
| | 53 | 08/21/2012 | DISPOSITION GIVEN TO THE JAIL IN OPEN COURT | |
| | 52 | 08/21/2012 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT. | |
| | 51 | 08/21/2012 | DEFENDANT ENTERED A PLEA OF NOT GUILTY | |
| | 50 | 08/21/2012 | CASE DISPOSITION FILED AND CASE CONTINUED TO : 10/18/12, MOTION TO MODIFY BOND-DENIED | 1 |
| | 49 | 08/21/2012 | MOTION TO REDUCE BOND | 3 |
| | 48 | 08/10/2012 | DEMAND FOR NOTICE OF ALIBI FILED | 1 |
| | 47 | 08/10/2012 | DISCOVERY EXHIBIT FILED JS | 3 |
| | 46 | 08/03/2012 | INFORMATION FILED | 1 |
| | 43 | 08/01/2012 | ORDER MODIFYING AND REDUCING BOND FILED. SCS | 2 |
| | 42 | 08/01/2012 | COVER LETTER FROM ATTORNEY FILED SCS | 1 |
| | 41 | 07/31/2012 | NOTICE MAILED TO ATTORNEY. AJ | 2 |
| | 40 | 07/31/2012 | DISPOSITION GIVEN TO ATTORNEY IN OPEN COURT | |
| | 39 | 07/31/2012 | MOTION TO REDUCE BOND-GRANTED $100,000.00 CASH OR PROFESSIONAL CONCURRENT | |
| | 38 | 07/31/2012 | CASE DISPOSITION FILED. AJ | 1 |
| | 35 | 07/12/2012 | NOTICE MAILED TO ATTORNEY. | 2 |
| | 34 | 07/11/2012 | MOTION TO REDUCE BAIL | 3 |
| | 33 | 07/11/2012 | NOTICE OF APPEARANCE FILED | 1 |
| | 32 | 07/05/2012 | SEALED SEARCH WARRANT FILED HL | 5 |
| | 29 | 07/05/2012 | EVIDENCE/PROPERTY RECEIPT FILED HL | 4 |
| | 28 | 07/05/2012 | RETURN OF SEARCH WARRANT AND INVENTORY OF PROPERTY SEIZED PURSUANT TO SEARCH WARRANT. HL | 1 |
| | 26 | 07/03/2012 | SEARCH WARRANT FILED HL | 3 |
| | 27 | 07/03/2012 | AFFIDAVIT FOR SEARCH WARRANT FILED HL | 3 |
| | 25 | 07/03/2012 | EVIDENCE/PROPERTY RECEIPT FILED HL | 3 |
| | 24 | 07/02/2012 | INVENTORY AND RECEIPT OF PROPERTY SEIZED UNDER THE WITHIN SEARCH WARRANT. | 1 |
| | 17 | 06/29/2012 | NOTICE MAILED TO DEFENDANT. BN | 1 |
| | 15 | 06/29/2012 | BOND SET AT:$500000 | |
| | 14 | 06/29/2012 | FIRST APPEARANCE CASE DISPOSITION FILED | 1 |
| | 13 | 06/29/2012 | PROVISIONAL ORDER APPOINTING COUNSEL UNSIGNED FILE | 1 |
| | 12 | 06/29/2012 | APPLICATION FOR INDIGENCY DENIED BASED UPON DEFENDANTS INDICATION OF PRIVATE ATTORNEY | |
| | 11 | 06/29/2012 | APPLICATION FOR CRIMINAL INDIGENT STATUS FILED | 1 |
| | 10 | 06/29/2012 | NONADVERSARY PROBABLE CAUSE DETERMINATION RULE 3.131 | 1 |
| | 9 | 06/29/2012 | ARREST REPORT FILED | 2 |

| Judge Assignment History | |